UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BROOK L. MOSHER and WESLEY E. MOSHER,

    Plaintiffs,

    v.

TRILL PROPERTIES, LLC and ANDREW PFLEGER,

    Defendants.

Case No. 23-cv-462-JPG

**MEMORANDUM AND ORDER;
ORDER TO SHOW CAUSE; AND
<u>ORDER FOR SERVICE</u>**

    This matter comes before the Court on the motion of counsel Amy Marie Kunzer for relief from her appointment to represent plaintiff Brooke L. Mosher in this case (Doc. 13). The Court assigned counsel on March 29, 2023, to represent Mosher in this case alleging violation of complicated federal statutes.

    In her motion for relief from her appointment, Kunzer states that she promptly communicated with Mosher and discussed the merits of her case shortly after the Court appointed her counsel. She and a colleague also met with Mosher over Zoom in April 2023, she has had several email exchanges with Mosher, and she reviewed the documentation Mosher provided her. She also spoke with Mosher's former caseworker about Mosher's allegations in this case. Then things took a turn.

    Mosher failed to show up for a Zoom call scheduled for September 8, 2023, to discuss the case and failed to respond to a follow-up phone call or email. Kunzer is also of the opinion that Mosher's claims "are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law." SDIL Local Rule 83.11(a)(3).

Kunzer has mailed her motion to Mosher, and Mosher has not filed a response.

Having received no objection from Mosher to counsel's withdrawal, the Court **GRANTS** the motion (Doc. 13) and **ORDERS** that counsel Amy Marie Kunzer is **WITHDRAWN** from this case. Pursuant to Local Rule 83.1(g), Kunzer shall mail a copy of this order to Mosher within seven days. Since Mosher has apparently not responded to counsel's outreach, and since counsel has reviewed this case and believes it has no merit, the Court is not inclined to appoint new counsel at this time.

The Court further reiterates its observation that there is no evidence in the record that service of process has been effected upon the defendants within 90 days after the filing of the complaint, as prescribed by Federal Rule of Civil Procedure 4(m). In a prior order, the Court ordered Mosher to show cause on or before September 15, 2023, why this case should not be dismissed without prejudice for failure to timely effect service. On the chance that Mosher was relying on her counsel at the time to respond to the order to show cause, the Court will extend that deadline. The Court hereby **ORDERS** the plaintiff to **SHOW CAUSE** on or before October 16, 2023, why this case should not be dismissed without prejudice for failure to timely effect service. Failure to respond in a timely manner to this order will result in dismissal of this action. The return of service executed on the defendants shall be a satisfactory response to this order to show cause.

Mosher is reminded that if she wishes the United States Marshals Service to serve process in this case, she must provide to the United States Marshals Service the summonses issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the

aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff.  Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**
**DATED:  October 3, 2023**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**